UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ESTEBAN PAUTA, individually and on behalf of    :
all others similarly situated,    :

                         :

           Plaintiff,    :    **18 Civ. 6001**

                         :

           -against-    :

                         :

AJC JEWELRY CONTRACTING CORP. d/b/a    :    **COLLECTIVE ACTION**
ALL JEWELRY CONTRACTING, DION L. SMITH,    :    **COMPLAINT**
and LEO SMITH,    :

                         :

           Defendants.    :

------------------------------------------------------------------------ X

Plaintiff Esteban Pauta ("Pauta" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants AJC Jewelry Contracting Corp. d/b/a All Jewelry Contracting ("AJC"), Dion L. Smith, and Leo Smith (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Throughout most of his employment, Esteban Pauta worked between sixty and eighty hours per workweek as a jeweler at AJC but was not paid overtime wages. He did not receive a wage notice upon hiring or accurate wage statements with each payment of wages. Defendants fired Pauta when he complained about not being paid any wages for his last two workweeks and overtime wages throughout his employment.

2. Pauta brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid regular and overtime wages, retaliation damages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

1.      This Court has subject matter jurisdiction of this case pursuant to  29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

2.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at AJC Jewelry Contracting Corp., which is located at 151 West 46th Street, 10th Floor, New York, New York 10036.

## THE PARTIES

**Plaintiff Esteban Pauta**

3.      Pauta resides in Queens, New York.

4.      Defendants employed Pauta as a jeweler from approximately July 6 to November 2, 2017.

5.      Throughout his employment, Pauta was an employee engaged in commerce or in the production of goods for commerce.

6.      Pauta is a covered employee within the meaning of the FLSA.

**Defendant AJC Jewelry Contracting Corp.**

7.      Defendant AJC Jewelry Contracting Corp. is a New York corporation that owns, operates, and does business as All Jewelry Contracting and is located at 151 West 46th Street, 10th Floor, New York, New York 10036.

8.      AJC Jewelry Contracting Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.      Within the three years prior to the filing of this Complaint, AJC Jewelry Contracting Corp.'s annual gross volume of sales was in excess of $500,000.

10.     AJC employed, *inter alia*, jewelers, jewelry polishers, and cleaners in its factory.  Collectively, jewelers, jewelry polishers, and cleaners are referred to in this Collective Action Complaint as the "AJC Workers."

**Defendant Dion L. Smith**

11.     Defendant Dion L. Smith is an owner of AJC.

12.     Throughout Pauta's employment, Dion L. Smith had and exercised authority over personnel decisions at AJC, including the disciplining, hiring, and firing of AJC Workers, setting of their wages, and otherwise controlling the terms and conditions of their employment.

13.     Throughout this period, Dion L. Smith and his father, Leo Smith, jointly managed AJC.

14.     Throughout this period, Dion L. Smith was regularly present at the AJC factory and oversaw and directed the work duties of AJC Workers.

15.     Throughout this period, Dion L. Smith signed and handed out paychecks to AJC Workers.

16.     Pauta complained to Dion L. Smith about Defendants' failure to pay him overtime wages.

17.     The New York State Division of Corporations lists Dion L. Smith as AJC's DOS Process agent.

18.     Dion L. Smith exercised sufficient control over AJC's operations to be considered Plaintiff's employer under the FLSA and NYLL.

**Defendant Leo Smith**

19.     Defendant Leo Smith is an owner of AJC.

20.     Throughout Pauta's employment, Leo Smith had and exercised authority over personnel decisions at AJC, including the disciplining, hiring, and firing of AJC

Workers, setting of their wages, and otherwise controlling the terms and conditions of their employment.

21.     Throughout Pauta's employment, Leo Smith and his son, Dion L. Smith, jointly managed AJC.

22.     Leo Smith hired and fired Pauta.

23.     Pauta complained to Leo Smith about Defendants' failure to pay him overtime wages.

24.     Throughout Pauta's employment, Leo Smith was regularly present at the AJC factory and oversaw and directed the work duties of AJC Workers.

25.     Throughout this period, Leo Smith authorized AJC Workers' absences.

26.     Throughout this period, Leo Smith created the work schedules of AJC Workers.

27.     Leo Smith exercised sufficient control over AJC's operations to be considered Plaintiff's employer under the FLSA and NYLL

## FACTUAL ALLEGATIONS

28.     Throughout his employment at AJC, Defendants paid Pauta $15.00 per hour for all hours worked per workweek, including those over forty.

29.     Throughout his employment, Pauta regularly worked between approximately sixty and eighty hours per workweek.

30.     For example, Pauta worked 71.22 hours in the workweek of July 27 to August 2, 2017.

31.     For this workweek, Defendants paid Pauta gross wages of $1,068.30, equal to $15.00 per hour multiplied by 71.22 hours worked.

32.     For this workweek, Defendants should have paid Pauta $600.00 for his first forty hours worked (*i.e.*, $15.00 regular wage rate multiplied by 40 hours) and $702.45 for

his 31.22 overtime hours worked (*i.e.*, $22.50 overtime wage rate multiplied by 31.22 overtime hours), for gross total wages of $1,302.45.

33.     For this workweek, Defendants owe Pauta $234.15 in unpaid overtime wages.

34.     For example, Pauta worked 80.30 hours in the workweek of September 14 to 20, 2017.

35.     For this workweek, Defendants paid Pauta gross wages of $1,204.50, equal to $15.00 per hour multiplied by 80.30 hours worked.

36.     For this workweek, Defendants should have paid Pauta $600.00 for his first forty hours worked (*i.e.*, $15.00 regular wage rate multiplied by 40 hours) and $906.75 for 40.3 overtime hours worked (*i.e.*, $22.50 overtime wage rate multiplied by 40.3 overtime hours), for gross total wages of $1,506.75.

37.     For this workweek, Defendants owe Pauta $302.25 in unpaid overtime wages.

38.     In or about the end of October 2017, Pauta complained to Dion L. Smith and Leo Smith about Defendants' failure to pay him overtime wages at the correct rate and any wages throughout his second to last workweek at AJC.

39.     On or about November 2, 2017, Defendants fired Pauta in response to his complaints.

40.     Defendants did not pay Pauta any wages for his last two workweeks.

## COLLECTIVE ACTION ALLEGATIONS

41.     Pauta brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated persons who are current and former jewelers, jewelry polishers, and factory cleaning persons at AJC (*i.e.*, the AJC Workers) since the date three

years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

42.     The FLSA Collective consists of approximately eleven similarly situated AJC Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other monies.

43.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Pauta and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL.  This policy and pattern or practice includes, *inter alia*, paying Pauta and the FLSA Collective at their regular hourly wage rates for all hours worked per workweek.

44.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

45.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

46.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to AJC and are readily identifiable and locatable through its records.  Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime Wages)

47.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

48.     Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rates for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

49.     Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

50.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

51.     Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### SECOND CLAIM
### (New York Labor Law – Unpaid Overtime Wages)

52.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

53.     Under the NYLL and supporting New York State Department of Labor ("NYDOL") regulations, Defendants were required to pay Plaintiff and the AJC Workers who opt in to this action one and one-half (1½) times their regular hourly wage rates per hour worked in excess of forty per workweek.

54.     Defendants have failed to pay Plaintiff and the AJC Workers who opt in to this action the overtime wages to which they were entitled under the NYLL.

55.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the AJC Workers who opt in to this action overtime wages.

56.     Due to Defendants' willful violations of the NYLL, Plaintiff and the AJC Workers who opt in to this action are entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

### THIRD CLAIM
### (New York Labor Law – Failure to Provide Annual Wage Notices)

57.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

58.     Defendants failed to furnish Plaintiff and the AJC Workers who opt in to this action with a notice at the time of hiring and whenever their rates of pay changed reflecting the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; and anything otherwise required by law in violation of NYLL § 195(1).

59.     Due to Defendants' violation of NYLL § 195(1), Plaintiff and the AJC Workers who opt in to this action are entitled to recover from Defendants liquidated damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees and costs, and disbursements of the action, pursuant to NYLL § 198(1–b).

### FOURTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

60.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

61.     Defendants failed to furnish Plaintiff and the AJC Workers who opt in to this action with a statement at the end of each pay period accurately reflecting:  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

62.     Due to Defendants' violation of the NYLL, § 195(3), Plaintiff and the AJC Workers who opt in to this action are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

### FIFTH CLAIM
### (Fair Labor Standards Act – Retaliation)

63.     Plaintiff repeats and incorporates all forgoing paragraphs as if set forth herein.

64.     The FLSA, 29 U.S.C. § 215(a), prohibits "any person" from discharging or "in any other manner" discriminating against "any employee because such employee has filed any complaint . . . under or related to this Act."

65.     Pauta is an "employee" within the meaning of section 215 of the FLSA.

66.     Defendants are "any person" within the meaning of section 215 of the FLSA.

67.     Defendants discharged and discriminated against Pauta's employment in retaliation for engaging in protected activity, namely opposing and complaining in good faith about Defendants' unlawful pay practices.

68.     Defendants' FLSA violations have caused and proximately caused Pauta to suffer damages.

69.     Pauta is entitled to recover from Defendants, individually and/or jointly, all available damages, including lost wages, maximum liquidated damages, punitive damages, and attorneys' fees and costs of the action pursuant to the FLSA.

## SIXTH CLAIM
### (New York Labor Law – Retaliation)

70.      Plaintiff repeats and incorporates all forgoing paragraphs as if set forth herein.

71.     NYLL § 215(1)(a) prohibits an employer from discharging, penalizing or "in any other manner" retaliating against an employee "because such employee has made a complaint to his or her employer . . . that the employer has violated any provision of this chapter."

72.     Plaintiff is an "employee" within the meaning of NYLL § 215 and its applicable and interpretive regulations.

73.     Defendants are "employers" and "agents" within the meaning of the NYLL §§ 2, 215, and 651 and their applicable and interpretive regulations.

74.     A notice of this action/claim was provided to the New York State Attorney General pursuant to the NYLL § 215 at or prior to the filing of this action.

75.     Defendants discharged, penalized, or otherwise retaliated against Pauta's employment in violation of the NYLL § 215 for engaging in protected activity, namely opposing and complaining in good faith about Defendants' unlawful pay practices.

76.     Defendants' NYLL violations have caused and proximately caused Pauta to suffer damages.

77.     Pauta is entitled to recover from Defendants, individually and/or jointly, all available damages, including lost wages, maximum liquidated damages, punitive damages, and attorneys' fees and costs of the action pursuant to NYLL § 215.

## SEVENTH CLAIM
### (New York Labor Law – Unpaid Regular Wages)

78.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

79.     Defendants are employers of Plaintiff within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting NYDOL Regulations.

80.     Defendants failed to pay Plaintiff any wages for hours worked in the last two workweeks of his employment.

81.     Defendants have willfully violated NYLL §§ 191 and 198(3) by knowingly and intentionally failing to pay Plaintiff any hourly wages throughout his last two workweeks.

82.     As a result of Defendants' willful violations of the NYLL, Plaintiff has suffered damages by being denied wages in accordance with NYLL § 198(3) in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

a.     authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of persons who were employed by Defendants as jewelers, jewelry polishers, and factory cleaning persons during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.      declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and New York State Department of Labor regulations;

c.      declaring that Defendants violated the notice and record keeping provisions of the WTPA;

d.      declaring that Defendants' violations of the FLSA and NYLL were willful;

e.      declaring that Defendants unlawfully retaliated against Plaintiff;

f.      declaring that Defendants failed to pay Plaintiff any wages for approximately the last two workweeks of his employment;

g.      enjoining future violations of the FLSA and NYLL by Defendants;

h.      awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

i.      awarding Plaintiff unpaid regular wages under the NYLL;

j.      awarding Plaintiff and the FLSA Collective liquidated damages;

k.      awarding Plaintiff compensatory and punitive damages for unlawful retaliation;

l.      awarding Plaintiff and the AJC Workers who opt in to this action statutory damages as a result of Defendants' failure to furnish accurate annual wage notices and failure to provide accurate wage statements with each payment of wages pursuant to the NYLL;

m.      awarding Plaintiff and the AJC Workers who opt in to this action pre- and post-judgment interest under NYLL;

n.       awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

      o.     awarding such other and further relief as the Court deems just and

proper.

Dated:  New York, New York
         July 2, 2018

                           PECHMAN LAW GROUP PLLC

                           By:

                           Louis Pechman
                           Gianfranco Cuadra
                           488 Madison Avenue, 17th Floor
                           New York, New York 10022
                           Tel.: (212) 583-9500
                           pechman@pechmanlaw.com
                           cuadra@pechmanlaw.com
                           *Attorneys for Plaintiff and the*
                           *putative FLSA Collective*